IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CHRISTOPHER SCRIBER                                                                          PLAINTIFF

V.                              CASE NO. 3:14-cv-00305-JTK

CAROLYN W. COLVIN, *Acting Commissioner,*                                    DEFENDANT
Social Security Administration

## MEMORANDUM AND ORDER

Plaintiff Christopher Scriber filed this appeal from a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). After reviewing the administrative record and the arguments of the parties, the Court finds that substantial evidence does not support the Commissioner's decision.

### I.     PROCEDURAL HISTORY

Mr. Scriber protectively filed his application for DIB on July 15, 2010, and for SSI on November 17, 2010. (R. at 120.) He alleged a disability onset date of July 15, 2010, in both applications. (R. at 120.) He alleged complications from attention deficit disorder ("ADD"), "other mental impairments," and diabetes. (R. at 286.) The Social Security Administration denied Mr. Scriber's claims at the initial and reconsideration levels. (R. at 120.) On June 12, 2012, an Administrative Law Judge ("ALJ") held a hearing on this matter. (R. at 73.) On June 28, 2012, the ALJ issued an unfavorable decision, denying Mr. Scriber's claims. (R. at 40.)

On February 8, 2013, the Appeals Council granted Mr. Scriber's request for review and sent the case back to the ALJ for further proceedings. (R. at 130.) On August 20, 2013, the

ALJ held a new hearing on this matter. (R. at 39.) On October 24, 2013, the ALJ issued an unfavorable decision, denying Mr. Scriber's claims. (R. at 7.) On November 13, 2014, the Appeals Council denied Mr. Scriber's request for review. (R. at 1.)

On December 19, 2014, Mr. Scriber filed a complaint against the Commissioner, appealing the ALJ's denial of SSI. (Pl.'s Compl. 1, ECF No. 2.) On December 29, 2014, the district judge reassigned the case to the Court based on the parties' consent. (Consent 1, ECF No. 4.) Both parties have submitted briefs for the Court to consider. (Pl.'s Br., ECF No. 11; Def.'s Br., ECF No. 12.) On September 30, 2015, the Court held an oral argument to discuss Mr. Scriber's depression.

## II.   ADMINISTRATIVE PROCEEDINGS

Mr. Scriber was forty years old at the time of the second administrative hearing and had a high school education, followed by some college courses. (R. at 41.) He had past relevant work as an emergency medical technician, security guard, and furniture mover. (R. at 24.) The ALJ applied the five-step sequential evaluation process to Mr. Scriber's claim.[1] (R. at 11.) The ALJ found that Mr. Scriber satisfied the first step because he had not engaged in substantial gainful activity. (R. at 12.) At step two, the ALJ found that Mr. Scriber suffered from the severe medical impairments of type II diabetes mellitus, hypertension, obesity, ADD, and

---

[1] The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work.  Through step four of this analysis, the claimant has the burden of showing that he is disabled.  Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform.  *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

depressive disorder, not otherwise specified. (R. at 12.) At step three, the ALJ found that Mr. Scriber did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 13.) Before proceeding to step four, the ALJ found that Mr. Scriber had a residual functional capacity ("RFC") to perform light work, with the following limitations:

> [h]e could lift/carry up to 20 pounds occasionally and 10 pounds on a frequent basis; sit six hours out of an eight-hour workday; and stand/walk a total of six hours out of an eight hour workday. He would not be able to perform any climbing of ropes, ladders, or scaffolds, but he could occasionally kneel, stoop, bend, crawl, and balance. Finally, the claimant would be limited to perform work that was simple, routine and repetitive in nature which involved one to two step instructions, supervision required would be simple, direct and concrete; this work would be performed alone and not in collaboration with others or in a team; and he could maintain limited contact with supervisors and co-workers and no contact with the general public.

(R. at 14.)  In making the RFC determination, the ALJ found that Mr. Scriber was not credible regarding the persistence and limiting effects of his impairments' symptoms. (R. at 16.) The ALJ found at step four that Mr. Scriber was not capable of performing his past relevant work. (R. at 24.) At step five, the ALJ determined that there were jobs available in significant numbers in the national and local economy that Mr. Scriber could perform, such as an assembler or a bagger. (R. at 25.) Therefore, the ALJ found that Mr. Scriber was not disabled. (R. at 25.)

### III. STANDARD OF REVIEW

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.

*Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

**IV.     DISCUSSION**

Mr. Scriber argues that the Commissioner's decision is not supported by substantial evidence. (Pl.'s Br.2, ECF No. 11.) Specifically, Mr. Scriber alleges that substantial evidence does not support the ALJ's decision to discount the opinions of all examining physicians that he is disabled in determining Mr. Scriber's RFC. (*Id.* at 28.) The Commissioner argues that the ALJ properly weighed the medical opinions. (Def.'s Br. 4, ECF No. 12.)

It is the claimant's burden to prove his RFC. *See Harris v. Barnhart*, 356 F.3d 926, 930 (8th Cir. 2004). An individual's RFC is his ability to do physical and mental work activities

4

on a sustained basis despite limitations from his impairments. *See* Social Security Ruling 96-8p. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of claimant's ability to function in the workplace." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (internal citations omitted). Although an RFC is a medical determination, in making this determination the ALJ should rely not only on medical evidence but on all relevant, credible evidence. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).

A treating physician's opinion "is due 'controlling weight' if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.'" *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001) (quoting *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)). Treating physicians' opinions "are given less weight if they are inconsistent with the record as a whole or if the conclusions consist of vague, conclusory statements unsupported by medically acceptable data." *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) (citing *Piepgras v. Chater*, 76 F.3d 233, 236 (8th Cir. 1996)).

The ALJ essentially discounted all of the physicians' opinions in this case–both treating and consultative–because Mr. Scriber was noncompliant with his medication. An ALJ may discount all of the physicians' opinions based on the claimant's noncompliance with the recommended course of treatment. *See Wildman v. Astrue*, 596 F.3d 959 (8th Cir. 2010) (holding that substantial evidence supported an ALJ's discounting of all of the medical opinions regarding the claimant's impairments because the claimant was noncompliant with

her recommended course of treatment). However, an ALJ may not discount a medical opinion based on the claimant's noncompliance of psychiatric medication if the noncompliance is caused by the mental impairment itself. *Pate-Fires v. Astrue*, 564 F.3d 935, 946 (8th Cir. 2009). To prove that the noncompliance is caused by the mental impairment, there must be some evidence "expressly linking [the claimant's] mental limitations to . . . repeated noncompliance." *Wildman*, 596 F.3d at 966.

Here, the ALJ does not determine whether Mr. Scriber's noncompliance was caused by his depression. On January 25, 2011, Samuel B. Hester, Ph.D, P.A., found that Mr. Scriber has "been resistant to treatment for depression choosing to blame himself and thinking he should be able to get better on his own." (R. at 442.) At the oral argument in this case, the Commissioner argued that this statement appears to be based on Mr. Scriber's statements and not based on an objective finding. The Commissioner also argued that at the administrative hearings in this case, Mr. Scriber stated that he stopped taking Prozac because he did not want to burden his parents with paying for additional medication on top of his medications for all of his physical impairments. (R. at 60-61.) Mr. Scriber's attorney argued that there could be multiple reasons why he stopped taking his medication, and one is that he was too depressed to take his medication. Circumstantial evidence also supports Dr. Hester's statement since Mr. Scriber appeared to become noncompliant when he was depressed from going through a divorce. (R. at 380 ("He went through a divorce and apparently that caused quite a bit of medical noncompliance.")).

The Court's role in social security cases is not as a fact finder, but to determine whether

substantial evidence supports the ALJ's decision. While the ALJ discounted Dr. Hester's medical opinion because Mr. Scriber was not on his medication when he visited Dr. Hester, the ALJ did not make a credibility determination regarding Dr. Hester's statement regarding the reason of his noncompliance. Therefore, the Court remands this case to the Commissioner to determine whether Mr. Scriber's depression caused his noncompliance.

## V.   CONCLUSION

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the Commissioner because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes that remand is necessary for further consideration consistent with this decision. Although the Commissioner may still reach the conclusion that Mr. Scriber is not entitled to benefits, he must determine whether Mr. Scriber's depression caused his noncompliance.

SO ORDERED this 6th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE